IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE C.L.L.,<br><br>                    Petitioner,<br><br>          vs.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>               Respondents. | Civil No. 1:26-cv-03453-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS IN PART<br><br>A# 243-044-164 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Jose C.L.L.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order (the "TRO application"), Dkt. No. 3.

Petitioner has lived continuously in the country since he entered without inspection in 2004.  Dkt. No. 1, at pg. 7.  Petitioner was arrested and detained by immigration officers on his way to work in March 2026.  *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that because he is not subject to mandatory detention as an "arriving alien"

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

under 8 U.S.C. § 1225(b), he is entitled to a bond hearing under 8 U.S.C. § 1226(a).[2] *Id.* at

pgs. 8–9.  Petitioner seeks an order granting either his immediate release or a "prompt,

individualized bond hearing before an Immigration Judge pursuant to [8 U.S.C.

§ 1226(a)]." *Id.* at pgs. 11–12.  This court and many others have granted relief in cases

analogous to this one. *See, e.g.*, *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No.1:26-cv-

03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-

02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).  The court has again

considered these precedents and concluded that they reached the correct result based

on the current state of Supreme Court and circuit precedent.  To resolve this case,

therefore, the court need only determine whether there is any factual or legal basis to

distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any

factual or legal issues in this case that render it distinguishable from prior orders such

as the ones listed above."  Dkt. No. 6.  The court appreciates Respondents' timely and

candid response.  Dkt. No. 10.  Although Respondents maintain that Petitioner's

detention is lawful, they acknowledge that there "does not appear to be any substantive

factual or legal issues in this case that materially distinguish it from the cases identified

---

[2] Petitioner also argues that detaining him without a bond hearing violates the Due Process Clause of the Fifth Amendment.  Dkt. No. 1, at pg. 9–10.  Given the relief granted by the court, this additional claim is DENIED without prejudice.

in the [court's] Order." *Id.* at pg. 2.  Respondents "respectfully request that the Court resolve the underlying habeas petition on the current briefing and without a hearing." *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in Count One that he is entitled to a bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  Given the foregoing, Petitioner's TRO application, Dkt. No. 3, is DENIED AS MOOT.

//
//
//
//
//
//

3

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  May 7, 2026, at Honolulu, Hawaiʻi.

 /s/ Micah W.J. Smith

—————————————————

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03453-MWJS; *Jose C.L.L. v. Christopher Chestnut,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART

4